UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GALLEGOS, | Case No.  1:26-cv-02736-HBK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | MAY 21, 2026 DEADLINE |
| S. SPENCER, | |
| Defendant. | |

Plaintiff—a prisoner—initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 that was signed by Plaintiff on April 9, 2026 and docketed on April 10, 2026. (Doc. 1).  That same day, Plaintiff also filed a motion to proceed *in forma pauperis*.  (Doc. 2).  In his application to proceed *in forma pauperis*, Plaintiff states that he has not received any money over the last twelve months.  (*Id.* at 1).  This statement is false.  Plaintiff's trust fund statement demonstrates that he received money seven times between October 2025 and April 2026.  (*Id.* at 5).

The Court takes judicial notice of its records[1] which disclose that, on June 23, 2025, in a

---

[1] Pursuant to Federal Rule of Evidence 201(b)(2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The court may take judicial notice on its own or at the request of any party. *Id.* 201(c).  The court may take judicial notice of its own files and records. *See Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir.1988).

previous action filed by Plaintiff, the court noted Plaintiff had made the same false representation in his *in forma pauperis* application there—notably that he had not received any money over the last twelve months.  *See Gallegos v. Whitten, et al.*, No. 1:25-cv-00745-KES-EPG, Doc. 5 at 1 n.1 (E.D. Cal.).  Although the court granted Plaintiff's application, the court expressly warned Plaintiff that he "may be sanctioned, or his case may be dismissed, if he makes false statements in any future court filings." *Id.*

Although Plaintiff is proceeding pro se, he is nevertheless governed by the Federal Rules of Civil Procedure, including Rule 11.  Under Rule 11, the person who signs, files, submits, or later advocates any paper to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," *inter alia*, the paper "is not being presented for any improper purpose," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1), (3).  The Court may sanction people who violate Rule 11 and may exercise its inherent authority to respond to a party's bad faith conduct. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (Rule 11 sanctions may be imposed against pro se litigant); *Walker v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (same).

A litigant who provides an affidavit in support of an application to proceed *in forma pauperis* "exposes himself 'to the pains of perjury in a case of bad faith.'"  *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (quoting *Pothier v. Rodman*, 261 U.S. 307, 309 (1923)). Fraud on the court is an example of bad faith conduct meriting sanctions under the court's inherent authority.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991) (affirming sanctions against plaintiff "for the fraud he perpetrated on the court").  "Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application." *Sekou v. United States*, No. 2:26-CV-00041-JAD-DJA, 2026 WL 893004, at *1 (D. Nev. Mar. 30, 2026) (citing *Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016)).

Considering the Court's previous warning in Plaintiff's other action, the Court will afford Plaintiff an opportunity to show cause why the Court should not (1) deny Plaintiff's motion to proceed *in forma pauperis* or (2) dismiss this case as a sanction for Plaintiff's apparent bad faith conduct under Rule 11 and pursuant to its inherent authority.

2

Accordingly, it is hereby ORDERED:

1.  No later than **May 21, 2026**, Plaintiff shall show cause why the Court should not (1) deny Plaintiff's motion to proceed *in forma pauperis* or (2) dismiss this case as a sanction for Plaintiff's apparent bad faith conduct under Rule 11 and pursuant to its inherent authority.

2.  If Plaintiff fails to timely respond to this show cause order, the Court will recommend the district court dismiss this action as a sanction for Plaintiff's apparent bad faith and/or for failure to comply with a Court order under Local Rule 110.

3.  In the alternative, by the same date, Plaintiff may voluntarily dismiss this action without prejudice by filing a notice of voluntary dismissal under Rule 41(a)(1).[2]

Dated:    April 20, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] Because no defendant has been served and no answer nor motion for summary judgment has been filed, a plaintiff may voluntarily dismiss an action by operation of law without further order from the Court. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  A dismissal without prejudice permits the plaintiff to refile a new action.

3