UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS GALLEGOS,

          Plaintiff,

      v.

S. SPENCER,

          Defendant.

Case No.  1:26-cv-02736-HBK

ORDER TO ASSIGN A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE[1]

FOURTEEN-DAY DEADLINE

Plaintiff Jesus Gallegos, a state prisoner, proceeds pro se in this civil rights action.  For the reasons below, the undersigned recommends dismissal of this action with prejudice as a sanction for Plaintiff's bad-faith false representations and for failure to comply with a court order and prosecute this action.

BACKGROUND

Plaintiff filed this 42 U.S.C. § 1983 complaint, signed on April 9, 2026 and docketed on April 10, 2026. (Doc. 1).  That same day, he moved to proceed *in forma pauperis*. (Doc. 2, "IFP").  In his IFP application, Plaintiff declared that he had not received any money in the last twelve months.  (*Id.* at 1).  This statement was false.  Plaintiff's trust fund statement shows seven deposits between October 2025 and April 2026.  (*Id.* at 5).

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

On April 21, 2026, the Court took judicial notice of a prior case, *Gallegos v. Whitten, et al.*, No. 1:25-cv-00745-KES-EPG, (E.D. Cal.), in which Plaintiff made the same false misrepresentation about not receiving any money in the preceding twelve months and was expressly warned that he "may be sanctioned, or his case may be dismissed, if he makes false statements in any future court filings." Considering this prior warning and Plaintiff's apparent repeat misrepresentation, the Court ordered him to show cause, no later than May 21, 2026, why the Court should not (1) deny his IFP application or (2) dismiss this case as a sanction under Rule 11 and the Court's inherent authority. (Doc. 5 at 3). The Court also gave Plaintiff the alternative of voluntarily dismissing the action <u>without</u> prejudice and expressly warned that the failure to respond to this show cause order would result in a recommendation that the case be dismissed as a sanction and/or for failure to comply with a court order under Local Rule 110. (*Id.*).

Plaintiff has not responded to the show cause order, has not requested an extension, and has not chosen the voluntary dismissal option. The time to do so has expired. *See* docket.

APPLICABLE LAW AND ANALYSIS

A. Legal Standard

Under Federl Rule of Civil Procedure 11, by signing or filing a paper, a party certifies that, to the best of that person's knowledge, information, and belief, formed after a reasonable inquiry, the filing is not presented for an improper purpose and that factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(1), (3). The Court may sanction violations of Rule 11 and may exercise its inherent authority to sanction bad-faith conduct, including by pro se litigants. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996); *Walker v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

A litigant who submits an affidavit in support of IFP status "exposes himself 'to the pains of perjury in a case of bad faith.'" *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (quoting *Pothier v. Rodman*, 261 U.S. 307, 309 (1923)). Fraud on the court constitutes bad-faith conduct that may be sanctioned under the court's inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991). Misrepresentation of assets is sufficient grounds to deny IFP status. *Sekou v. United States*, No. 2:26-CV-00041-JAD-DJA, 2026 WL 893004, at *1 (D. Nev. Mar. 30,

2

2026) (citing *Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016)).

Federal Rule of Civil Procedure 41(b) authorizes involuntarily dismissal when a plaintiff fails to prosecute or comply with other Rules or a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019).  Local Rule 110 likewise permits sanctions, including dismissal, for failure to comply with court orders. District courts also have inherent authority to control their dockets and may impose sanctions, including dismissal.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *See, also.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether dismissal is warranted, the Court considers: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

B.  Analysis

1.  Bad Faith Representation and Fraud on the Court

Plaintiff's sworn statement that he received no money in the last twelve months was false and directly contradicted by his trust account statement showing seven deposits between October 2025 and April 2026.  Plaintiff had previously been warned in another action that false statements in future filings could result in sanctions, including dismissal.  Despite this explicit warning, he repeated the same misrepresentation in this case, demonstrating bad faith.  His sworn IFP affidavit therefore exposed him "to the pains of perjury" and constitutes fraud on the Court warranting sanctions, including dismissal with prejudice. *See Jefferson*, 277 F.2d at 725 (quoting *Pothier v. Rodman*, 261 U.S. at 309).  Furthermore, Plaintiff has not responded to the show cause order.  Under these circumstances, Plaintiff's fraud on the court warrants the sanction of dismissal

3

with prejudice.  *See Carter v. Buie*, 46 F.3d 1139 (9th Cir. 1995) (affirming dismissal with prejudice where pro se prisoner made false representations and failed to substantively respond to a show cause order).

### 2.   Failure to Prosecute and Comply with Court Order

Plaintiff has not responded to the April 20, 2026 order to show cause, has not requested an extension, and has taken no steps to prosecute this case. The authority of a federal trial court to dismiss an action with prejudice for failure to prosecute is well established.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962); *see Vazquez v. Saul,* No. 5:19-01923 ADS, 2020 WL 7405794, at *2 (C.D. Cal. Dec. 16, 2020).

Considering the *Henderson* factors:

As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).  Plaintiff's failure to respond to the show cause order has stalled this case.

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated.  This Court has one of the heaviest caseloads in the nation and recently operated under a declared judicial emergency.  *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020).  The Court cannot effectively manage its docket when litigants ignore orders, and its limited resources are better spent on cases in which the parties comply with deadlines and orders. This factor strongly favors dismissal.

Unreasonable delay carries an inherent risk that evidence will grow stale and witnesses' memories will fade or become unavailable. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff's inaction constitutes unreasonable delay, so the third factor weighs in favor of dismissal.

The fourth factor ordinarily counsels against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  But it "lends little support to a party whose responsibility it is to move a case toward disposition on

the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice due to petitioner's failure to timely respond to court order, noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court expressly warned Plaintiff that failure to comply with the show cause order would result in a recommendation that this be dismissed.  That warning satisfies the requirement to consider alternatives, and Plaintiff nonetheless failed to respond.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

After weighing all five factors coupled with Plaintiff's bad-faith conduct, the undersigned concludes that dismissal with prejudice under Fed. R. Civ. P. 41(b), Rule 11, the Court's inherent authority, and Local Rule 110 is warranted and that lesser sanctions would be ineffective.

Accordingly, it is ORDERED:

The Clerk of the Court randomly assign this case to a United States District Judge.

It is further RECOMMENDED:

This action be DISMISSED with prejudice as a sanction for Plaintiff's bad-faith false representations and for failure to comply with a court order and prosecute this action.

### NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. ***Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.***

Dated:    June 5, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE